OPINION
Defendant-appellant, Wesley Dumas, Sr., appeals from the denial by the trial court of his motion to dismiss the complaint based on alleged double jeopardy.
The appellant was charged with one count of domestic violence on or about December 27, 1997 in violation of Lyndhurst codified ordinance 636.17. On January 5, 1998, the appellant entered a plea of not guilty to the domestic violence count. On June 18, 1998, the appellant filed both a "Motion to Dismiss Complaint" and a "Plea of Double Jeopardy and Motion to Dismiss Complaint." The appellant alleged in the motions that he had already agreed to a case plan in Cuyahoga County Juvenile Court on charges arising out of the same incident and was, therefore, being put in double jeopardy by having to answer the domestic violence charges in Lyndhurst Municipal Court. The proceedings in juvenile court were commenced more than a month after the appellant was indicted in the present case.
In an order journalized on July 27, 1998, the trial court denied the motions. In its entry denying the motion, the trial court stated:
 The juvenile matter did not put defendant in such jeopardy as would prohibit this court from going forward on the charge of domestic violence. Therefore, this court holds that these two charges do not constitute the same offense. Defendant's motion to dismiss is denied.
The trial court subsequently denied a motion to reconsider its ruling of July 27, 1998. On October 28, 1998, the day trial was scheduled to commence, the appellant entered a plea of no contest to an amended charge of disorderly conduct in violation of Lyndhurst codified ordinance 648.04(A)(1). The appellant was found guilty of disorderly conduct, fined $250 and sentenced to thirty days in jail. The jail time was suspended and the defendant was placed on probation for thirty days. Prior to the finding of guilt and the sentencing of the appellant, the prosecutor advised the court that the factual basis for the charge was that on December 26, 1997, the appellant repeatedly struck his sixteen-year-old son in the face, in the driveway of the son's girlfriend's residence.
The appellant now appeals from the trial court's denial of the motion to dismiss.[1] The appellant presents a singular assignment of error for this court's review:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S PLEA OF DOUBLE JEOPARDY AND MOTION TO DISMISS COMPLAINT.
It is well established that the double jeopardy clause protects against successive prosecutions for the same offense.State v. Lovejoy (1997), 79 Ohio St.3d 440, 443. As stated by the United States Supreme Court in United States v. Dixon (1993),509 U.S. 688, 695-696, 113 S.Ct. 2849, 125 L.Ed.2d 556:
 The Double Jeopardy Clause, * * * provides no person shall "be subject for the same offense to be put in jeopardy of life or limb." This protection applies both to successive punishments and successive prosecutions for the same criminal offense * * *.
In both the multiple punishment and multiple prosecution contexts, where the two offenses for which the defendant is being punished or tried cannot survive the "same elements" test, the double jeopardy bar applies * * *. State v. Colegrove (July 16, 1998), Cuyahoga App. No. 73437, unreported. The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. Id., Blockburgerv. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182. In this case, the appellant contends that the conduct underlying his conviction was the same as was at issue in the juvenile court proceedings. However, this is not the standard to be applied. Rather than looking at the conduct of the accused, this court must review the elements of the crime for which he is being charged.State v. Colegrove, supra.
There is nothing in the record to indicate the nature of the proceedings in juvenile court or to indicate whether the defendant was ever put in jeopardy in those proceedings. It is impossible for this court to review the elements of the crime for which the appellant was purportedly charged in juvenile court viz-a-viz the indictment for domestic violence in this case, because we do not even know whether the appellant was ever charged with a criminal offense in the juvenile court proceedings.
Based upon the incomplete appellate record presented and the failure of the appellee to file an appellate brief, this court is left with no alternative but to remand this case to the trial court for a full hearing on the appellant's claims of double jeopardy contained in the appellant's motion to dismiss. It is impossible from the record for this court to ascertain the nature of the proceedings which took place in juvenile court or the operative facts underlying the domestic violence charge in the Lyndhurst Municipal Court.
For the foregoing reasons, appellant's sole assignment of error is sustained.
Judgment reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, TERRENCE, P.J., and SPELLACY, J., concur.
[1] The appellee, City of Lyndhurst, represented by city prosecutor Irl Rubin, never bothered to file an appellee brief in the within appeal or to file written opposition to the motion to dismiss at the trial court level.